IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| United States of America, ) | |
| ) | Case No. 13 C 50199 |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| Mitchell Wimbush, ) | |
| ) | Judge Philip G. Reinhard |
| Defendant. ) | |
| ) | |

**ORDER**

Mitchell Wimbush, a federal prisoner, has filed a petition under 28 U.S.C. § 2255 [1], and a motion for a new pre-sentence investigation report [8].  For the reasons that follow, the Section 2255 petition [1] is dismissed and the motion for a new pre-sentence investigation report [8] is denied as moot.  The court declines to issue a certificate of appealability and denies the petitioner's request for a hearing.

**STATEMENT-OPINION**

On July 15, 1997, defendant Michael Wimbush was indicted for one count of conspiring to distribute cocaine base, in violation of 21 U.S.C. § 846 (count one) and two counts of illegal distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1) (counts 12 and 13).[1]  On May 18, 1998, Wimbush pled guilty without any plea agreement with the Government to the distribution charges (counts 12 and 13), but did not enter a guilty plea with respect to the conspiracy charge (count one).  On the same day, the Government filed a Bill of Information pursuant to 21 U.S.C. § 851 which alleged that Wimbush's 1994 state law conviction for possession of a controlled substance constituted a predicate felony drug offense that triggered a twenty-year mandatory minimum sentence under the Controlled Substances Act ("CSA"), 21 U.S.C. § 841(b)(1)(A).

---

[1]The documents relating to Wimbush's criminal case are filed under case number 97-CR-50026-6.  The instant motions relate to Wimbush's attempt to vacate his sentence pursuant to 28 U.S.C. § 2255, and therefore are filed under civil case number 13-C-50199.

Subsequently, on May 26, 1998, Wimbush agreed to a written plea agreement with the Government, pleading guilty to count one and acknowledging his plea of guilty to counts 12 and 13. Among other things, the plea agreement provided that Wimbush "knowingly waive[d] the right to appeal any sentence imposed . . . or the manner in which that sentence was determined . . . " and also waived the "right to challenge his sentence or the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under 28 U.S.C. § 2255." Plea Agreement ¶ 11. The plea agreement reserved the right for Wimbush to file a motion for a modified sentence based upon 18 U.S.C. § 3582.

On September 3, 1998, the court sentenced Wimbush to 240 months imprisonment (20 years for each count to run concurrently), followed by a period of 10 years supervised release.[2] Wimbush did not attempt to appeal his conviction or sentence.

On March 5, 2008, Wimbush filed a motion under 18 U.S.C. § 3582 seeking a reduced sentence pursuant to the retroactive crack cocaine amendments to the Sentencing Guidelines. In denying the motion, the court determined the amendments cited were inapplicable since Wimbush's prior state-law drug conviction required the court to impose a twenty-year minimum sentence under a different statute. Wimbush appealed this ruling, but failed to timely to do so, causing the Seventh Circuit to dismiss the appeal for lack of jurisdiction.

On November 21, 2011, Wimbush filed a second motion seeking a reduced sentence under 18 U.S.C. § 3582(c)(2). This motion was denied and Wimbush did not appeal.

On June 7, 2013, Wimbush filed the two motions currently before the court. The first seeks relief under 28 U.S.C. § 2255. [1]. In this motion, Wimbush argues his sentence should be vacated because of the United States Supreme Court's decision in *Carachuri-Rosendo v. Holder*,

---

[2]The general statutory minimum sentence for a defendant who violates 21 U.S.C. § 841(a)(1) begins at ten years imprisonment with five years supervised release, but the statute increases this minimum to at least twenty years imprisonment with ten years supervised release if the defendant has a prior felony drug conviction. 21 U.S.C. § 841(b)(1)(A). For purposes of 21 U.S.C. § 841(b)(1), any "offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances" qualifies as a "felony drug offense." 21 U.S.C. § 802(44). Because Wimbush had a prior Class IV felony drug conviction for possession of a controlled substance, the Government filed an information pursuant to 21 U.S.C. § 851 to notify Wimbush that he would be subjected to enhanced penalties if he was convicted of the offenses charged in the superseding indictment. The pre-sentence investigation report reveals that Wimbush agreed that a mandatory minimum of 240 months was applicable. PSR at 17.

560 U.S. 563 (2010). The second motion [8] requests a new pre-sentence investigation report for re-sentencing.[3]

After the court reviewed both motions, it instructed Wimbush to file a brief to explain why his 28 U.S.C. § 2255 petition should not be dismissed because of his plea agreement waiver and the mandatory one-year statute of limitations under 28 U.S.C. § 2255(f). [4]. Wimbush followed these instructions and filed a "Traverse to Respondent's Answer" on August 2, 2013. [7]. While the brief sets forth a number of arguments in an attempt to escape the plea agreement waiver and the statute of limitations, none are convincing enough to avoid dismissal.

### A. 28 U.S.C. § 2255

A sentence may be vacated, set aside, or corrected pursuant to 28 U.S.C. § 2255 if the sentence "was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). "[R]elief under § 2255 is an extraordinary remedy because it asks the district court essentially to reopen the criminal process to a person who already has had an opportunity for full process." *Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007).

A defendant can waive his right to challenge his sentence under Section 2255 in a valid plea agreement with the Government. The Seventh Circuit has routinely held that plea agreement "waivers of direct and collateral review are generally enforceable." *Hurlow v. United States*, 726 F.3d 958, 964 (7th Cir. 2013) (citing *United States v. Chapa*, 602 F.3d 865, 868 (7th Cir. 2010); *Jones v. United States*, 167 F.3d 1142, 1144 (7th Cir. 1999)). However, there are limited circumstances where a defendant can argue his plea agreement waiver is unenforceable. *Id.* In *Bridgeman v. United States*, the Seventh Circuit explained that such circumstances are limited to claims that "the waiver was involuntary or counsel was ineffective in negotiating the [plea] agreement." 229 F.3d 589, 591 (7th Cir. 2000). These exceptions were reaffirmed in *Hurlow* where the Seventh Circuit held that "a direct or collateral review waiver does not bar a challenge regarding the validity of a plea agreement (and necessarily the waiver it contains) on grounds of ineffective assistance of counsel." *Hurlow*, 726 F.3d at 966. In this case, Wimbush attempts to argue the waiver is unenforceable for both of these reasons. His arguments, however, are meritless.

First, it appears Wimbush is claiming the plea agreement waiver is unenforceable because his plea agreement was involuntary. He contends that he did not have "an adequate plea colloquy in open [c]ourt" and this therefore renders the plea agreement waiver involuntary. [7] at 2. Nonetheless, beyond this general assertion, he has not pointed to any facts in the plea colloquy to

---

[3]This motion was originally filed under Wimbush's criminal case, (97-CR-50026-6). However, after reviewing the motion, the court determined that it was predicated upon the court granting Wimbush's Section 2255 petition. Because of this, the court directed the Clerk of the Court to transfer this motion, the Government's response to the motion, and all other related documents to Wimbush's civil case (13-C-50199).

3

support his claim and does not claim that he did not understand his appeal and section 2255 waivers. Instead, Wimbush seems to contend that the court failed to engage in any plea colloquy at all. After reviewing the record, it is clear this assertion is patently false. In fact, in this case the court held two change-of-plea hearings and pursuant to Federal Rule of Criminal Procedure 11(b)[4], engaged in two separate plea colloquies.

The first change-of-plea hearing occurred on May 18, 1998.[5] This proceeding concerned Wimbush's voluntary guilty plea to counts 12 and 13 of the indictment. At this time, Wimbush had not yet entered in a plea agreement with the Government, but the court nevertheless engaged in a detailed colloquy with Wimbush to ensure his guilty plea was both knowing and voluntary.

The second change-of-plea hearing occurred on May 26, 1998.[6] At this time, Wimbush had agreed to the terms of a written plea agreement with the Government, and sought to enter a plea of guilty as to count 1. During his second change-of-plea hearing, the court again engaged in a colloquy with Wimbush to ensure the plea was knowing and voluntarily. Pursuant to Federal Rule of Criminal Procedure 11, the hearing included Wimbush's acknowledgment and acceptance of the written plea agreement, a statement from the Government regarding the factual basis for Wimbush's plea and Wimbush's admission that he committed the offense as the Government described. *See* Ct. Tr. 5/26/98 at 14-16. The court then explained the trial and appeal rights Wimbush would forfeit if he entered into the plea agreement. After Wimbush indicated that he understood these rights the court stated:

> THE COURT: All right. Now, I've explained to you all of your rights. You've said you understand them. Is it your desire then to give them up and to plead guilty?
>
> DEFENDANT WIMBUSH: Yeah.
>
> MR. KING [WIMBUSH'S COUNSEL]: Judge, there is one reservation, though. If you'll check paragraph eleven in the plea agreement, it's to the effect, basically, that if the law changes – and I'm thinking specifically in my own mind of the disparity between crack cocaine and powder cocaine. If that law is changed, then the plea agreement preserves his right to seek the benefit of any change in the law.

---

[4]Federal Rule of Criminal Procedure 11 governs pleas. Rule 11(b) details the steps a district court must follow before accepting a guilty plea and requires that the court "address the defendant personally in open court." Fed. R. Crim. P. 11(b).

[5]The transcript for the first change of plea hearing is available under case number 97-CR-50026-6 at docket number [721].

[6]The transcript for the second change of plea hearing is available under case number 97-CR-50026-6 at docket number [792].

4

THE COURT: All right. Is that right, Mr. McKenzie? That if the Sentencing Commission should change the law, any part of the guidelines that I find to be applicable to his case, if it changes favorable to him that he has a right – still preserves that right to file a motion with me and to ask that I reduce the sentence based upon a reduction by the Sentencing Commission. Is that 3582?

MR. MC KENZIE: Yes, Judge.

THE COURT: All right. That's what is preserved. You understand that.

DEFENDANT WIMBUSH: Yeah.

THE COURT: But would he have a right to appeal my decision on that?

MR. MC KENZIE: He would, Judge, actually.

THE COURT: All right. As long as that's understood.

MR. KING: Thank you, Judge.


THE COURT: All right. Thank you for pointing it out. Now, I want to make sure that this plea is voluntary today. Nobody is forcing you physically or mentally to plead guilty today?

DEFENDANT WIMBUSH: No.

THE COURT: And the only agreements that have been made and promises that have been made are in the plea agreement; is that correct?

DEFENDANT WIMBUSH: Yeah.

THE COURT: All right. At this time are you ready to enter a plea as to Count 1?

DEFENDANT WIMBUSH: Yeah.

THE COURT: What is your plea as to Count 1? Is it guilty or not guilty?

DEFENDANT WIMBUSH: Guilty.


*Id.* at 20-21.

Based on the above, it is clear that Wimbush's argument concerning a lack of plea colloquy is without merit. The court engaged in two meaningful plea colloquies to ensure that Wimbush's pleas were both knowing and voluntary. This, in conjunction with the statements Wimbush made at the change-of-plea hearings, cause the court to reject his argument that the plea agreement waiver is unenforceable because his guilty plea was not knowing or voluntary. *See Bridgeman*, 229 F.3d at 592 (statements at a change of plea hearing are "presumed truthful."); *see also Chapa*, 602 F.3d at 869 (representations made by a defendant under oath during a plea colloquy are "entitled to a presumption of correctness.").

Equally unavailing is Wimbush's argument that the plea agreement waiver is unenforceable because he was denied effective assistance of counsel. While the court acknowledges that the plea agreement did not waive Wimbush's right to claim that his counsel was ineffective in negotiating the agreement (*Bridgeman*, 229 F.3d at 592), Wimbush fails to provide sufficient allegations to support an ineffective assistance of counsel claim. Indeed, to establish such a claim Wimbush must demonstrate that his counsel was "both incompetent and that, but for his deficient performance, the result would have been different." *Id.* In a case like this, where the defendant claims his guilty plea was involuntary due to his attorney's deficient performance, a defendant must establish that his lawyer's performance was objectively unreasonable and that, but for his counsel's erroneous advice, he would not have pleaded guilty. *See id.* (citing *United States v. Martinez*, 169 F.3d 1049, 1052-53 (7th Cir. 1999)).

Here, Wimbush contends that his lawyer was "ineffective in allowing [him] to enter into [his plea agreement]," since his prior felony drug conviction resulted in a sentence that did not exceed one year. [7] at 2. While unclear, it seems Wimbush is arguing that his lawyer was ineffective because his prior felony drug conviction should have been treated as a misdemeanor since the sentence he received for the prior conviction was less than one-year imprisonment. He argues his attorney failed to investigate this before advising Wimbush to enter his guilty plea.

This argument fails for a number of reasons. First, the record is clear that Wimbush's lawyer made a good-faith analysis of all of the relevant facts and applicable legal principles with respect to his prior convictions. The May 18, 1998 change-of-plea transcripts indicate that the court took a recess before beginning the change-of-plea hearing to allow Wimbush's attorney to go to the Winnebago County Courthouse and investigate whether Wimbush's prior guilty plea to a state law drug charge would be considered a Class 4 felony and invoke the twenty year mandatory minimum under 21 U.S.C. § 841(b)(1)(A). *See* Ct. Trans. 5/18/98 at 3-8. After returning from the Winnebago County Courthouse, Wimbush's attorney informed the court that the prior conviction was a Class 4 felony. *Id.* at 8. This, combined with the fact that Wimbush has failed to provide any other specific facts which suggest that his attorney's investigation of his prior conviction was "not undertaken in good faith[,]" cause the court to conclude that Wimbush's claim for ineffective assistance of counsel fails. *Bridgeman*, 229 F.3d at 592; *see also Blake v. United States*, 723 F.3d 870, 879 (7th Cir. 2013) (stating that a defendant must

direct the court to specific acts or omissions by his counsel to establish an ineffective assistance of counsel claim).

Moreover, even if his attorney had not engaged in an investigation, the result would be the same. This is true because ineffective assistance of counsel claims require a defendant to show that he was prejudiced from his attorney's objectively deficient performance and the result would have been different but for the attorney's performance. *Strickland v. Washington*, 466 U.S. 668, 687-91 (1984). Wimbush cannot make this showing. While he contends his attorney was ineffective "in allowing [him] to enter into [the plea agreement]" since his prior conviction did not result in a prison sentence that exceeded one year, the court would have imposed the prior felony drug offense enhancement regardless. Indeed, other district courts in Illinois have rejected the exact argument Wimbush asserts and have held that a state court's actual sentence does not change a prior conviction's classification as a "felony drug offense" as long as the statute for which the defendant was sentenced provides for the possibility of being sentenced for more than one-year imprisonment. *See e.g.*, *Clark v. United States*, No. 13-C-1026, 2013 WL 3032602 at *2-4 (C.D. Ill. June 17, 2013).

In *Clark*, the petitioner filed a Section 2255 petition and claimed his attorney was ineffective for failing to argue that his prior state law possession conviction should not have been treated as a felony since he was only sentenced to probation. *Id.* Like Wimbush, the prisoner alleged that the Supreme Court's decision in *Carchuri-Rosendo* supported this argument. In finding the argument meritless, the court in *Clark* relied upon Illinois' possession of a controlled substance statute (720 Ill. Comp. Stat. 570/). It reasoned that because the statute provided that the petitioner could have been sentenced to over one-year imprisonment, it was properly considered a felony. *Id.; see also United States v. Stokes*, 351 F. App'x 115, 116 (7th Cir. 2009) (stating that "a drug offense need only be punishable by imprisonment for more than one year to qualify as a felony . . and a [lower] sentence [] does not affect that classification.").

When Wimbush was convicted of the state law possession charges he faced a sentence of more than one-year imprisonment. The fact that the state court used its discretion to impose a more lenient sentence is irrelevant. As such, this court properly determined his prior Class 4 felony conviction was a "felony drug offense" that invoked a twenty-year mandatory minimum sentence. Thus, any claim Wimbush asserts regarding his attorney's competence (or lack thereof) in investigating the prior conviction or in negotiating the plea agreement would not change the end result. *Strickland*, 466 U.S. at 687-91.

The court also notes that Wimbush's reliance on *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) is misplaced. In that case, the Fourth Circuit vacated and remanded a defendant's enhanced sentence based upon a prior felony conviction because the prior conviction was under a state law which provided that the defendant's sentence could only have exceeded one year if certain conditions were satisfied. *Id.* at 240-41. Since those conditions were not satisfied, the Fourth Circuit determined that the lower court had erroneously considered the prior conviction a

felony. *Id.* The Illinois statute which Wimbush was convicted under did not carry such limitations, as it was (and still is) a Class 4 felony "directly punishable by a determinate sentence of not less than one year and not more than 3 years." 730 ILCS 5/5–4.5–45(a).

Accordingly, because the court finds Wimbush would have been properly sentenced with the enhancement regardless of his attorney's advice and/or efforts in investigating the prior conviction, the court rejects his ineffective assistance of counsel claim and finds the plea agreement waiver enforceable. *See Mason v. United States*, 211 F.3d 1065, 1068-69 (7th Cir. 2000) (stating that a plea agreement waiver to file a 2255 petition is enforceable if the waiver is 1) knowing and voluntary; and 2) if the defendant cannot establish a claim for ineffective assistance of counsel in connection with negotiating the agreement). In light of this finding, Wimbush's petition under 28 U.S.C. § 2255 must be dismissed and his request for a hearing is denied.[7]

### B. Motion for New Pre-Sentence Investigation Report

The dismissal of the Section 2255 petition makes Wimbush's motion for a new pre-sentence investigation report [8] moot. It is apparent this motion is premised upon the court granting Wimbush's Section 2255 petition and re-sentencing Wimbush. Because the court is dismissing the petition and there are no sentencing or re-sentencing proceedings currently before the court, there is no need for a new pre-sentence investigation report to be issued. As such, the court denies the motion for a new pre-sentence investigation. [8]. *See Untied States v. Fitzgerald*, 330 Fed. Appx. 611, 613 (7th Cir. 2009) (district courts have the discretion whether to order a new pre-sentence investigation reports).

### C. Certificate of Appealability

The 2009 Amendments to Rule 11(a) of the Rules Governing Section 2255 Proceedings direct the court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Therefore, this court must determine whether to grant Wimbush a certificate of

---

[7]This conclusion makes the issue of whether the petition is timely a moot point. However, it appears the mandatory one-year statute of limitations under 28 U.S.C. § 2255(f) also supports dismissal. As the court previously noted, the basis for Wimbush's Section 2255 petition is the Supreme Court's 2010 decision in *Carachuri-Rosendo*. 560 U.S. 563 (2010). Under 28 U.S.C. § 2255(f)(3), a prisoner has one year from the "date on which the right asserted was initially recognized by the Supreme Court, if that right . . . [has been] made retroactively applicable to cases on collateral review" to file a Section 2255 petition. 28 U.S.C. § 2255(f)(3). In this case, even if the court assumed *Carachuri-Rosendo* was applicable to Wimbush and created a newly recognized right that was retroactively applicable on collateral review, the petition would be untimely. The *Carachuri-Rosendo* decision was rendered on June 14, 2010. Wimbush filed his petition on June 7, 2013. This is nearly two years beyond the time afforded under Section 2255(f)(3) and therefore provides an additional reason for dismissal.

appealability pursuant to 28 U.S.C. § 2253(c)(2) in the present Order. *See Gonzalez v. Thaler,* ___ U.S. ___, 132 S.Ct. 641, 649 n.5 (2012).

Under 28 U.S.C. § 2253(c)(2), a petitioner does not have the absolute right to appeal a district court's denial or dismissal of a Section 2255 motion. Instead, he must first request a certificate of appealability. *See Miller-El v. Cockrell,* 537 U.S. 322, 335 (2003). The court will only issue a certificate of appealability if the prisoner can make a substantial showing of the denial of a constitutional right. *See id.* at 336. Under this standard, Wimbush must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El,* 537 U.S. at 336 (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)). In this case, the court finds that Wimbush cannot establish that jurists of reason would debate that his Section 2255 motion should have been resolved differently in light of the fact that his plea agreement waiver is enforceable. Accordingly, the court declines to certify any issues for appeal.

For the reasons stated above, Wimbush's 28 U.S.C. § 2255 petition [1] is dismissed and his request for a hearing is denied. The court also denies the motion for a new pre-sentence investigation report [8] as moot and declines to issue a certificate of appealability.

Date:10/08/2013    ENTER:

*Philip G. Reinhard*
_____
United States District Court Judge

Notices mailed by Judicial Staff.
(LC)